**Juan Augusto GONZALEZ–PEREZ, Petitioner**

v.

**ATTORNEY GENERAL OF the UNITED STATES, Respondent.**

No. 10–1523.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) March 10, 2011.

Opinion Filed March 10, 2011.

Regis Fernandez, Esq., Newark, NJ, for Petitioner.

Kate Deboer Balaban, Esq., Linda Y. Cheng, Esq., Eric H. Holder, Jr., Esq., Thomas W. Hussey, Esq., United States Department of Justice, Washington, DC, for Respondent.

Before: BARRY, HARDIMAN and STAPLETON, Circuit Judges.

## OPINION

**PER CURIAM.**

Juan Gonzalez–Perez, a citizen of Guatemala, entered the United States without inspection in April 1998. While attempting to travel by plane to New York from Tucson, Arizona, Gonzalez–Perez was apprehended by immigration agents. The agents discovered that Gonzalez–Perez was in possession of a fraudulent green card, which his brother had sent to him. Gonzalez–Perez was charged with removability pursuant to Immigration and Nationality Act ("INA") § 212(a)(6)(A)(i) [8 U.S.C. § 1182(a)(6)(A)(i) ] (present without being admitted or paroled).

In November 1998, Gonzalez–Perez was ordered removed in absentia, but successfully moved to reopen the proceedings based on ineffective assistance of counsel.[1] Gonzalez–Perez conceded removability and applied for asylum, withholding of removal, and protection under the United Nations Convention Against Torture. Gonzalez–Perez alleged that he would be persecuted because of his imputed political opinion. In particular, Gonzalez–Perez claimed that in September 1997, while studying to become a priest, he heard someone in the Guatemalan military warn his mentor, an army chaplain named Crestani, that "soon something was going to happen to the Church." According to Gonzalez–Perez, the warning was prompted by the Catholic Church's involvement in investigating human rights abuses committed by the Guatemalan army. Interpreting the warning as a death threat, Gonzalez–Perez immediately returned home and did not resume his classes. After Gonzalez–Perez left for the United States in April 1998, Monsignor Crestani was shot, but he survived.

The Immigration Judge ("IJ") denied relief, holding that the asylum application was untimely, that Gonzalez–Perez was not credible, that he failed to satisfy the clear probability standard required for withholding of removal, and that there was no evidence that he would be tortured. The Board of Immigration Appeals ("BIA") dismissed Gonzalez–Perez's appeal, agreeing that the asylum application was untimely and "conclud[ing] that, even if [Gonzalez–Perez] is considered credible, he has not met his burden of proof for relief under the" INA.

Gonzalez–Perez next filed a timely motion to reconsider, alleging that the IJ erred in finding that his claim was undermined because "nothing happen[ed] to him" during the approximately seven months between the threat to Monsignor Crestani and Gonzalez–Perez's departure for the United States. In addition, he requested review of the IJ's adverse credibility finding and noted that he had previously filed a motion to reopen after learning that his first attorney had been disbarred. By order entered January 21, 2010, the Board denied the motion for reconsideration, essentially holding that none of Gonzalez–Perez's arguments were relevant to its prior conclusion that he had failed to meet his burden of proof for relief.

Gonzalez–Perez has filed a timely petition for review of the BIA's decision. We have jurisdiction pursuant to INA § 242 [8 U.S.C. § 1252], and review the BIA's denial of a motion for reconsideration for abuse of discretion. *See Borges v. Gonzales*, 402

---

1. He also filed an application to adjust his status pending approval of a Petition for Alien Relative filed by his United States citizen wife. The Government states that "[n]o final disposition on his I–130 or I–485 appears in the record, and the status of [Gonzalez–Perez's] application is unknown."

F.3d 398, 404 (3d Cir.2005).[2] The Board's decision is entitled to "broad deference." *Ezeagwuna v. Ashcroft*, 325 F.3d 396, 409 (3d Cir.2003). Thus, to succeed on the petition for review, Gonzalez–Perez must demonstrate that the BIA's denial of reconsideration was somehow arbitrary, irrational, or contrary to law. *See Zheng v. Att'y Gen.*, 549 F.3d 260, 265 (3d Cir.2008).

According to his testimony, Gonzalez–Perez lived safely in Guatemala from the time that he witnessed the threat against Monsignor Crestani until he left for the United States. The IJ found this "very important," noting that from "September 1997 until the spring of 1998, nothing happens to him." The Board noted that "members of the military did not threaten or contact [Gonzalez–Perez] after he decided to stop his missionary work and focus on completing his studies at the seminary." In his motion for reconsideration, Gonzalez–Perez emphasized that the "period between the time of the threats until the time Respondent fled Guatemala was not mere dalliance" and that "he needed to wait for a brother in the U.S. to collect and send the money necessary to pay for his passage and for the smugglers." We agree with the Board, however, that Gonzalez–Perez "fail[ed] to explain how this point is relevant to the Board's decision." Neither the IJ nor the BIA attributed the timing of Gonzalez–Perez's departure to a subjective lack of fear of persecution. Rather, the BIA concluded that his fear was not objectively reasonable because he lived safely in Guatemala prior to his departure for the United States. *Cf. Lie v. Ashcroft*, 396 F.3d 530, 537 (3d Cir.2005) (reasonableness of petitioner's well-founded fear diminished where family members remain in native country without harm).

As the Government correctly notes, Gonzalez–Perez has focused on alleged inadequacies in the IJ's adverse credibility determination. He now asserts that "IJ's adverse credibility finding placed [his] subsequent testimony under a cloud of suspicion." But in the original final order of removal, the Board expressly concluded that Gonzalez–Perez had not met his burden of proof for relief even assuming that his story was true. Indeed, the BIA specifically disavowed some of the IJ's comments regarding Gonzalez–Perez's credibility. Therefore, none of the adverse credibility determinations are at issue. *See Jarbough v. Att'y Gen.*, 483 F.3d 184, 191 (3d Cir.2007). Gonzalez–Perez has not shown that the Board's denial of reconsideration on this point was improper.[3]

For the foregoing reasons, we will deny the petition for review.

---

2. In this proceeding, we cannot review the BIA's original final order of removal because the petition for review was only timely as to the BIA order of January 21, 2010. *See* INA § 242(b)(1); *McAllister v. Att'y Gen.*, 444 F.3d 178, 184–85 (3d Cir.2006).

3. We note that in the motion for reconsideration, Gonzalez–Perez appeared to raise an issue related to a prior motion to reopen. The only motion to reopen in the record was one that was filed in 2006 seeking relief from an in absentia order of removal. That motion was granted by the IJ in November 2006. The BIA explained, and we agree, that it is not clear how that prior motion to reopen was relevant to the denial of relief on the merits.